**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| CARL MARISO, | FILED<br>IN CLERK'S OFFICE<br>U S DISTRICT COURT E.D.N.Y.<br>★ MAY - 8 2012 **CV**   **262** |
|     Plaintiff, | **COMPLAINT** |
| v. | |
| DEBT RECOVERY SOLUTIONS, LLC, | BROOKLYN OFFICE **MATSUMOTO, J.** |
|     Defendant. | **JURY TRIAL DEMANDED**<br>**ORENSTEIN, M.** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant DEBT RECOVERY SOLUTIONS, LLC alleges as follows:

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3.   Plaintiff, Carl Mariso, (hereinafter "Mr. Mariso") is a natural person residing in Richmond County, New York.

4.   Upon information and belief Defendant Debt Recovery Solutions, LLC (hereinafter "Debt Recovery") is a domestic limited liability company with a corporate business address of 900

1

Merchants Concourse, Suite 106, Westbury, New York 11590 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Upon information and belief Defendant Debt Recovery is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Richmond County, New York.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Mr. Mariso is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

8. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

9. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff re-alleges paragraphs one (1) through nine (8) as fully restated herein.

11. Prior to the filing of this action, Plaintiff enlisted the services of Verizon. Sometime thereafter, Verizon went about attempting to collect payment from Plaintiff for services rendered.

12. On or about April, 1, 2011, Plaintiff filed a voluntary petition under Title 11 Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York, Case No.: 11-42753-jbr.

13. Verizon was listed as a creditor on Plaintiff's bankruptcy petition. Consequently, Verizon was notified by the court of said filing and thus had an opportunity to be present at the meeting of creditors. Upon information and belief, Verizon failed to appear at the meeting of creditors or file a timely objection to Plaintiff's discharge or to challenge the dischargeability of certain debts.

14. Plaintiff was granted a discharge of his debts on or about July 13, 2011. A true and correct copy of the Discharge of Debtor Order of Final Decree is attached hereto and incorporated by reference as Exhibit "A".

15. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

16. On or about August 16, 2011, Defendant sent or caused to be sent to Mr. Mariso written correspondence, more commonly known in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Plaintiff ("Collection Communication"). A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "B".

17. Plaintiff received said letter.

18. This collection attempt was a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692f, 1692f(1), amongst others.

19. By sending Plaintiff this collection communication, Defendant attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

20. Defendant knew or should have known at the time it made these allegations, that such allegations were false and deceptive.

3

## V. PRACTICES OF DEFENDANT

21. It is or was the policy and practice of Defendant to send collection letters which harass, oppress and abuse consumers.

22. It is or was the policy and practice of Defendant to utilize false representation or deceptive means to collect a debt.

23. It is or was the policy and practice of Defendant to use unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. It is or was the policy and practice of Defendant to attempt to collect a debt not permitted by law.

25. Said communication violates the consumers rights in that it and assumes the validity of the debt.

26. That said letters alone are or together contain language demonstrating false statements and deceptive representations, which contradicts the consumer's rights.

27. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

28. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), (f)  and (f)(1) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

29. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for actual damages pursuant to

4

15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

30. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  (d), (e), (f) and (f)(1):

   i. Defendant violated 15 U.S.C. § 1692(d) by harassing the consumer;

   ii. Defendant violated 15 U.S.C. § 1692(e) by attempting to collect a debt discharged by bankruptcy;

   iii. Defendant violated 15 U.S.C. § 1692(f) by employing unfair tactics in attempt to collect a debt;

   iv. Defendant violated 15 U.S.C. § 1692(f)(1) by attempting to collect a debt that was discharged by bankruptcy and therefore not permitted by law.

31. To the extent that the Defendant Debt Recovery attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt such communications also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692f(1) Of The FDCPA – attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

32. Plaintiff adopts and realleges the foregoing.

33. Section 1692f(1) of the FDCPA prohibits a debt collector from attempting to collect a debt not permitted by law. See, 15 U.S.C. § 1692f(1).

34. Defendant's violation of § 1692f(1) of the FDCPA, include, but are not limited to, continuing with collection efforts after debt was discharged through bankruptcy, which is clearly not permitted by law.

35. Defendant's violation of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

36. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

37. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

38. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

39. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692d Of The FDCPA – any conduct the natural consequence of which is to harass, oppress, or abuse any person

40. Plaintiff adopts and realleges the foregoing.

6

41. Section 1692d of the FDCPA prohibits a debt collector from using any conduct the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

42. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, continuing with collection efforts after the debt was discharged through bankruptcy.

43. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

44. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

45. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

46. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

47. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III
### Violation Of § 1692e – any false, deceptive, or misleading representation or means in connection with the debt collection

48. Plaintiff adopts and realleges the foregoing.

49. Section 1692e of the FDCPA prohibits collectors from using any false, deceptive, or misleading representation or means in connection with the debt collection, see, 15 U.S.C. § 1692e.

7

50. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, continuing with collection efforts after the debt was discharged through bankruptcy.

51. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. 1692k.

52. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

53. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

54. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

55. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of The FDCPA – any unfair or unconscionable means to collect or attempt to collect the alleged debt

56. Plaintiff adopts and realleges the foregoing.

57. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

58. Defendant's violation of § 1692f of the FDCPA, include, but are not limited to, continuing with collection efforts after debt was discharged through bankruptcy.

8

59. Defendant's violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

60. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

61. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

62. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

63. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

**COUNT V**
**Violations of the New York General Business Law § 349**

64. Plaintiff adopts and realleges the foregoing.

65. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

66. GBL § 349 provides in relevant part as follows:

> a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

> h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the*

*defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.*

67. It is the regular business practice of Defendant Debt Recovery to harass consumers in an abusive manner as a means to pressure the alleged debtor.  Defendant Debt Recovery has engaged in such a deceptive practice aimed at other New York consumers. Defendant Debt Recovery's actions have a broad impact on New York consumers at large.

68. It is the regular business practice of Defendant Debt Recovery to make false threats against consumers as a means to pressure the alleged debtor. Defendant Debt Recovery has engaged in such a deceptive practice aimed at other New York consumers. Defendant Debt Recovery's actions have a broad impact on New York consumers at large.

69. By unlawfully harassing Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

70. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

71. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

72. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### **PRAYER FOR RELIEF**

Plaintiff, Carl Mariso prays that this Court:

1.  Declare that Defendant violated the FDCPA;

10

2.  Enter judgment in favor of Plaintiff Mariso and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carl Mariso, demands trial by jury.

Respectfully submitted,

Dated: May 2, 2012                        **LAW OFFICE OF ABEL L. PIERRE,
                                          ATTORNEY-AT-LAW, P.C.**

                                          Attorney I.D.#AP-5508
                                          40 Exchange Place, Suite 2010
                                          New York, New York
                                          Telephone:  (212) 766-8323
                                          Facsimile:  (212) 766-3322
                                          abel@apierrelaw.com

                                          **Attorney for Plaintiff**

11

**Exhibit A**

Form BLdfnld7 (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                                        CASE NO: 1−11−42753−jbr

Carl L Mariso

33 Skyline Drive
Staten Island, NY 10304

Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

xxx−xx−4660

DEBTOR(s)

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on April 1, 2011; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED:**

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Richard E. O'Connell (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: July 13, 2011                              s/ Joel B. Rosenthal
                                                  United States Bankruptcy Judge

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

052996                                    29509053048014

**Exhibit B**

PO BOX 1259
Oaks, Pa 19456

 **DEBT RECOVERY SOLUTIONS, LLC**

August 16, 2011


Carl Mariso
2558 Highland Circle
Stroudsburg, PA  18360-6687

900 MERCHANTS CONCOURSE, SUITE 106
WESTBURY, NEW YORK 11590-5114
(516) 228-7110    /    1-866-642-0302

Balance Due          : 187.49
Settlement Offer     : $121.87
Original Creditor    : VERIZON
Account #            : 1297185560769092

## MAYBE THIS WILL HELP

If the balance is too high...we'll lower it!

If you want settlement options...we'll offer them to you!

If you don't have the money right now...we'll let you pay it over time!

### WE ARE GOING TO LOWER THE BALANCE AND LET YOU PAY IT OVER TIME!!!

We are willing to accept the settlement sum of **$121.87 AND** allow you to pay this amount in 3 monthly installments:

| 1st payment: $40.62 by 09/06/11 | 2nd payment: $40.62 by 10/06/11 | 3rd payment: $40.62 by 11/05/11 |
| --- | --- | --- |

**THAT'S RIGHT**....simply send your payments by the due dates and this account will be considered **SETTLED** and **CLOSED** by our office.

For your convenience, you can also pay your account via our secure website at www.drsolutions.com.

John Donnell, Recovery Specialist
1-866-642-0302
(MON-THUR 9:30AM - 8:00PM, FRI 9:30AM - 3:30PM, and SAT 9:30AM-1:30PM)

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## NOTICE: See Reverse Side for Important Information.
------------------Detach and Return with Payment------------------

☐ Please check here if there is a new phone number or address and provide the information on the reverse side.

Statement Of Account

| CARD # | | | | | | | | | | | | | | | | EXPIRATION DATE / |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| CARDHOLDER NAME | | | | | | | | | | | | | | | | AMOUNT $ |
| BILLING ADDRESS | | | | | | | | | | | | | | | | |

☐ Please (✓) to charge my Visa/MC monthly for this amount.

Carl Mariso
2558 Highland Circle
Stroudsburg, PA  18360-6687

Balance Due          : 187.49
Settlement Offer     : $121.87
Original Creditor    : VERIZON
Account #            : 1297185560769092

◀ If you wish to pay by Visa or MC complete this information

**DEBT RECOVERY SOLUTIONS, LLC**
P.O. BOX 9001
WESTBURY, NEW YORK  11590-9001



D13 · 1085 · 4638